USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 1/14/20.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD J. CAPAK,

    Plaintiff,

v.

TAUHEED EPPS *also known as* 2 CHAINZ
and RORY DORALL SMITH,

    Defendant.

No. 18-CV-4325 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

This case arises out of an incident where Defendant Rory Dorall Smith, while acting as a bodyguard for Defendant Tauheed Epps, also known as 2 Chainz, allegedly attacked and injured Plaintiff Richard J. Capak. On January 13, 2020, Defendant Epps filed a motion for summary judgment. *See* Dkt. 53. In connection with his motion, he also filed several declarations and exhibits. Defendant Epps now seeks to file under seal certain portions of those documents, specifically: (1) the Declaration of Tauheed Epps, Dkt. 55; (2) the Declaration of Rory Dorall Smith, Dkt. 56; (3) Exhibit C to the Declaration of Peter Raymond, Dkt. 57-3; (4) Exhibit D to the Declaration of Peter Raymond, Dkt. 57-4; (5) the Rule 56.1 Statement, Dkt. 47; and (6) the memorandum of law in support of his motion, Dkt. 54. Under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), this request is denied without prejudice.

It is well established that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Giuffre*

*v. Maxwell*, Nos. 16-3945, 18-2868, 2019 WL 1150037, a *1 (2d Cir. Mar. 11, 2019) (quoting *Lugosch*, 435 F.3d at 121). Defendant Epps' justification for his sealing request is that his own declaration "contains detailed information relating to [his] business arrangements and transactions with non-parties to this litigation," and that the other documents "have been identified as Confidential by other parties to this litigation." *See* Dkt. 44 at 1. As an initial matter, it does not appear that the Declaration of Tauheed Epps contains any information about Defendant Epps' business arrangements or transactions with any *non-parties*. To the contrary, his declaration involves only the very parties in this case, and it is not clear to the Court which "non-parties" Defendant Epps is even referencing.

As to the other documents—the Declaration of Rory Dorall Smith, the Rule 56.1 Statement, the memorandum of law, and two exhibits—the Court does not discern any confidential information contained in those documents. Although sealing may be appropriate with respect to certain confidential information, Defendant Epps has not shown why sealing here overcomes the "strong presumption of public access" that exists in federal courts. *See NRW, Inc. v. Bindra*, No. 12 Civ. 8555, 2013 WL 12353961, at *1 (S.D.N.Y. Oct. 24, 2013); *see also City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (AJN), 2019 WL 4747654, at *5 (S.D.N.Y. Sept. 30, 2019) ("[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document.") (citation omitted); *American Broadcasting Cos., Inc. v. Aereo, Inc.*, No. 12 Civ. 1540 (AJN), 2013 WL 12338472, at *2 (S.D.N.Y. June 24, 2013) ("Nor can the parties rely on their protective order as providing a justification for their requests for documents to be filed under seal.") (citing *Lugosch*, 435 F.3d at 126). This is particularly true on his motion for summary judgment, especially considering that

the information Defendant Epps seeks to seal—regarding the relationship between Defendant Epps and Defendant Smith, and the alleged incident between Plaintiff and Defendant Smith—"lie[s] at the very heart of the litigation." *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 472 (S.D.N.Y. 2017).

Moreover, while it may be true that courts in this district seal deposition testimony of celebrities in certain circumstances, here, the deposition testimony that Defendant Epps seeks to seal is not his own. Rather, he seeks to seal excerpts from both Plaintiff's and Defendant Smith's depositions, and in any event, the Court finds that there is no confidential information contained in those excerpts sufficient to overcome the presumption of public access.

Accordingly, Defendant Epps' request to seal the documents listed in his January 10, 2020 letter is denied. Should Defendant Epps wish to submit proposed redactions more narrowly tailored to the interests he seeks to protect, in accordance with the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), he shall do so no later than January 24, 2020. If not, Defendant Epps shall file unredacted versions of these documents on the docket no later than January 27, 2020.

SO ORDERED.

Dated: January 14, 2020
New York, New York

Ronnie Abrams
United States District Judge

3