USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 2/14/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICHARD J. CAPAK,

                Plaintiff,

      v.

TAUHEED EPPS *also known as* 2 CHAINZ
and RORY DORALL SMITH,

                Defendant.

No. 18-CV-4325 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

On February 7, 2020, without previously requesting leave to file any document under seal, Plaintiff Richard J. Capak filed his opposition to Defendant Tauheed Epps' motion for summary judgment, the supporting Declaration of Chad B Russell, and a response to Defendant Epps' Rule 56.1 Statement of Material Facts in redacted form on the docket. *See* Dkts. 78-80. In response to the Court's order, on February 13, 2020, Plaintiff filed a letter seeking to file these three documents in redacted form, suggesting that sealing is warranted because the documents were marked "Confidential" and/or cited other documents marked "Confidential" in this case. Under the standard set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), this request is denied.

As the Court has previously stated, it is well established that "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Giuffre v. Maxwell*, Nos. 16-3945, 18-2868, 2019 WL 1150037, a *1 (2d Cir. Mar. 11, 2019) (quoting *Lugosch*, 435 F.3d at 121). While the Court recognizes that Plaintiff's intent was to comply with the Confidentiality Order signed by Judge Parker, "the fact that the

parties have designated certain documents as confidential among themselves does not mean that they have rebutted the 'strong presumption of public access to court records' that exists in federal courts." *NRW, Inc. v. Bindra*, No. 12 Civ. 8555 (RJS), 2013 WL 12353961, at *1 (S.D.N.Y. Oct. 24, 2013) (quoting *Video Software Dealers Assoc. v. Orion Pictures Corp.*, 21 F.3d 24, 26 (2d Cir. 1994)); *see also City of Almaty, Kazakhstan v. Ablyazov*, No. 15-CV-5345 (AJN), 2019 WL 4747654, at *5 (S.D.N.Y. Sept. 30, 2019) ("[E]ven if material is properly designated as Confidential or Highly Confidential by a protective order governing discovery, that same material might not overcome the presumption of public access once it becomes a judicial document.") (citation omitted); *American Broadcasting Cos., Inc. v. Aereo, Inc.*, No. 12 Civ. 1540 (AJN), 2013 WL 12338472, at *2 (S.D.N.Y. June 24, 2013) ("Nor can the parties rely on their protective order as providing a justification for their requests for documents to be filed under seal.") (citing *Lugosch*, 435 F.3d at 126). Although sealing may be appropriate with respect to certain confidential information, Plaintiff has not shown why sealing is justified under the *Lugosch* standard.

Accordingly, Plaintiff's request to seal or file any of these documents in redacted form is denied. No later than February 17, 2020, Plaintiff shall file unredacted versions of his opposition to Defendant Epps' motion for summary judgment, Declaration of Chad B Russell, and response to Defendant Epps' Rule 56.1 Statement of Material Facts on the docket.

SO ORDERED.

Dated: February 14, 2020
      New York, New York

Ronnie Abrams
United States District Judge

2