# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RICHARD J. CAPAK,<br><br>                    Plaintiff,<br><br>     -against-<br><br>TAUHEED EPPS a/k/a 2 CHAINZ<br>and RORY DORALL SMITH,<br><br>                    Defendants. | Civil Action No.: 1:18-cv-04325 |

**DEFENDANT TAUHEED EPPS P/K/A 2 CHAINZ'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

**REED SMITH LLP**
599 Lexington Ave.
New York, New York 10022
(212) 521-5400

*Attorneys for Defendant
Tauheed Epps p/k/a 2 Chainz*

## TABLE OF CONTENTS

                                                                                                  **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT FACTUAL BACKGROUND ............................................................................. 2

I.      PROCEDURAL POSTURE ........................................................................................ 2

II.     PLAINTIFF'S LIMITED DISCOVERY EFFORTS ................................................... 3

LEGAL STANDARD .............................................................................................................. 5

ARGUMENT ............................................................................................................................ 5

I.      PERMITTING PLAINTIFF TO AMEND THE COMPLAINT AT THIS LATE STAGE WOULD BE PREJUDICIAL TO MR. EPPS AND WOULD NOT SERVE THE EFFICIENT ADMINISTRATION OF JUSTICE ........................................ 5

II.     PLAINTIFF'S CLAIMS AGAINST STREET EXECS WOULD BE FUTILE ................ 9

     A.      Plaintiff Cannot Demonstrate That His Claims Are Not Futile, Because Plaintiff Has Not Submitted A Proposed Amended Complaint, Or Described The Nature Of His Proposed Claims Against Street Execs ................... 9

     B.      The Claims Plaintiff Most Likely Intends To Bring Would Be Futile ................. 10

CONCLUSION ........................................................................................................................ 12

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*A.V. by Versace, Inc. v. Gianni Versace S.p.A.*,
  87 F. Supp. 2d 281 (S.D.N.Y. 2000) ................................................................. 6, 7

*Alexanders Land & Cruickshank v. Goldfeld*,
  739 F. Supp. 158 (S.D.N.Y. 1990) ........................................................................ 5

*Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
  233 F.R.D. 327 (S.D.N.Y. 2005) ........................................................................... 8

*Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*,
  760 F.2d 442 (2d Cir. 1985) .................................................................................. 6

*Canosa v. Ziff*,
  No. 18-cv-4115 (PAE), 2019 WL 498865 (S.D.N.Y. Jan. 28, 2019) .................... 12

*Chapdelaine v. Keller*,
  No. 95-CV-1126(HGM)(GLS), 1999 WL 34998130
  (N.D.N.Y. Sept. 28, 1999) .................................................................................. 10

*City of New York v. Grp. Health Inc.*,
  No. 06-cv-13122 (RJS), 2010 WL 2132246 (S.D.N.Y. May 11, 2010) ................. 6

*Gibbs v. Goord*,
  No. 02-cv-4556 (RMB) (GWG), 2003 WL 22052313 (S.D.N.Y. Sept. 4, 2003) ... 9

*Goston v. Potter*,
  No. 9:08-CV-478 FJS ATB, 2010 WL 4774238 (N.D.N.Y. Sept. 21, 2010) ....... 10

*Hernandez v. BMNY Contracting Corp.*,
  No. 17 CIV. 9375 (GBD), 2019 WL 418498 (S.D.N.Y. Jan. 17, 2019) ............ 5, 9

*JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*,
  No. 08-cv-9116 (PGG), 2009 WL 1357946 (S.D.N.Y. May 12, 2009) .............. 6, 7

*Kawoya v. Pet Pantry Warehouse, Inc.*,
  3 A.D.3d 368 (1st Dep't 2004) ............................................................................ 10

*Melvin v. Cty. Of Westchester*,
  No. 14-CV-2995 (KMK), 2016 WL 1254394, (S.D.N.Y. Mar. 29, 2016) ........... 12

*O'Kane v. Keane*,
  No. 94-cv-6869 (CSH), 1997 WL 3271 (S.D.N.Y. Jan. 3, 1997) .......................... 5

*Owens v. Textron Fin. Corp.*,
  No. 13-cv-5948 (VB), 2014 WL 3887181 (S.D.N.Y. July 14, 2014) ........................................ 9

*Park B. Smith, Inc. v. CHF Indus. Inc.*,
  811 F. Supp. 2d 766 (S.D.N.Y. 2011) ................................................................................. 6

*Sly Magazine, LLC v. Weider Publications L.L.C.*,
  241 F.R.D. 527 (S.D.N.Y. 2007) ........................................................................................ 5

*Yeboah v. Snapple, Inc.*,
  286 A.D.2d 204 (1st Dep't 2001) ..................................................................................... 10

**Rules**

Local Rule 7(a)(4) ............................................................................................................... 9

Defendant Tauheed Epps p/k/a 2 Chainz ("Mr. Epps" or "Defendant"), by and through his undersigned counsel, respectfully submits this Memorandum of Law, along with the accompanying Declaration of Peter D. Raymond, dated January 24, 2020 ("Raymond Decl.") and Declaration of Karol Russell, dated January 24, 2020 ("Karol Russell Decl."), in opposition to Plaintiff Richard J. Capak's ("Plaintiff") Motion to Amend the Complaint to add a new defendant ("Motion").

## PRELIMINARY STATEMENT

Plaintiff's Motion seeks to add a new defendant to a case that has been pending for over two years, where it would be highly prejudicial to Mr. Epps to add a party now. Fact discovery has closed, and Mr. Epps has moved for summary judgment. To add a new defendant now – which would require re-opening fact discovery – would delay resolution of Mr. Epps' summary judgment motion, thereby unfairly forcing him to remain in a case where he should be promptly dismissed. As detailed below, Plaintiff's Motion should be denied because it is untimely, prejudicial to Mr. Epps, and futile.

*First*, Plaintiff's Motion fails to – and cannot – show that adding a defendant at this late stage would not be prejudicial to Mr. Epps and the efficient administration of justice. Plaintiff is attempting to add a new party two years after commencing this action, which is a full year after amended pleadings were due, a month after the fact discovery end date, after all parties have been deposed, and after Mr. Epps filed a motion for summary judgment to dismiss all claims against him. Granting the Motion would be severely prejudicial to Mr. Epps. Plaintiff's Motion is an attempt to derail and delay this litigation by re-opening discovery and preventing Mr. Epps' motion for summary judgment from being heard for months or years. Additionally, amending the Verified Complaint at this late stage is not in the interests of judicial economy, when Plaintiff

has no evidence to support any claims against Street Execs Management ("Street Execs"), and is simply using this Motion as a vehicle to seek belated discovery that he neglected to take before the fact discovery end date.

*Second*, Plaintiff has wholly failed to demonstrate that his proposed claims against Street Execs are not futile. Plaintiff has failed the most basic requirement of specifying the proposed claims and providing a proposed amended pleading, making it impossible for the Court to analyze the merits of his proposed claims. But, even if the proposed claims are the same as those currently asserted against Mr. Epps, they would still fail. Plaintiff argues that Street Execs employed Defendant Rory Dorall Smith ("Mr. Smith") (together with Mr. Epps, "Defendants"), and that it should be liable for the alleged injuries that Mr. Smith caused to Plaintiff. However, as the Karol Russell Declaration demonstrates, Street Execs does not employ Mr. Smith, and does not pay him or provide him with his tax forms or insurance. Because no employment relationship exists between Street Execs and Mr. Smith, Plaintiff cannot adequately plead any claim against Street Execs on the basis of Mr. Smith's alleged behavior that would survive a motion to dismiss. Moreover, even if Street Execs were the employer of Mr. Smith, Street Execs would not be liable for any of Mr. Smith's alleged actions for the exact same reasons that Mr. Epps is not liable for these actions, as detailed in Mr. Epps' motion for summary judgment.

Accordingly, Mr. Epps respectfully requests that the Court deny Plaintiff's Motion with prejudice.

**RELEVANT FACTUAL BACKGROUND**

**I.      Procedural Posture**

Over two years ago, on December 4, 2017, Plaintiff commenced this action through the filing of a Verified Complaint in the Supreme Court of the State of New York, County of New York, alleging that Mr. Smith caused injuries to Plaintiff on October 27, 2017. (Raymond Decl.

¶ 2.)  Mr. Epps timely removed the action to this Court on May 5, 2018.  (*Id.* ¶ 3.)  In the Verified Complaint, Plaintiff asserted claims against Mr. Epps for negligent hiring and retention, negligence, assault and battery, and punitive damages, primarily based upon allegations that Mr. Epps is liable for injuries allegedly caused by Mr. Smith when Mr. Smith was working as a security guard for Mr. Epps on the date of the incident, October 27, 2017 (the "Alleged Incident").  (*Id.* ¶ 4.)

Following an Initial Conference on July 27, 2018, the Court issued a Case Management Plan and Scheduling Order on January 8, 2019.  (ECF No. 25.)  Pursuant to the January 8, 2019 Scheduling Order, as relevant here, amendments to pleadings were due by no later than January 18, 2019.  *Id.*  After several extensions, on September 12, 2019, the Court set final deadlines for concluding fact discovery on December 5, 2019.  (ECF No. 33.)  Notably, the deadline for seeking to amend the pleadings was never extended beyond the January 18, 2019 deadline.  Also, in the September 12, 2019 Order, the Court expressly ruled that "[n]o further adjournments will be granted."  *Id.*

## II.     Plaintiff's Limited Discovery Efforts

On January 28, 2019, Plaintiff issued the exact same Document Requests and Interrogatories upon Mr. Epps and Mr. Smith, not distinguishing between the two Defendants in any way.  (Raymond Decl. Ex. 7.)  Plaintiff's discovery requests were surprising for many reasons, including that they were not tailored to the facts of the case, and were clearly "form" requests used in Plaintiff's counsel's usual personal injury cases.  For example, one of Plaintiff's Document Requests sought documents related to a "shooting," but there was no shooting in this case.  (*Id.* Ex. B, at Document Request No. 2.)  Another sought documents related to complaints made by Defendants to government agencies such as the CCRB and IAB of the New York City Police Department, which has nothing to do with the facts of this case.  (*Id.* at Document Request

- 3 -

No. 6.) Similarly, despite the fact that Mr. Smith's hiring and retention are key elements of Plaintiff's claims against Mr. Epps, Plaintiff did not make a single request for documents or information about Mr. Smith's hiring, including who employed or retained Mr. Smith to work security for Mr. Epps. *Id.* The closest Plaintiff came to seeking such information was by asking in an interrogatory for the "[c]omplete personnel files of the aforesaid defendants." (*Id.*, at Interrogatory No. 12.) When Mr. Epps objected to this interrogatory because it "exclusively [sought] the production of documents, rather than information in accordance with Fed. R. Civ. P. 33 and this Court's Local Rules," Plaintiff never addressed this objection, or served supplemental requests. (*Id.* ¶ 12; Ex. C, Response 12.)

After a year of fact discovery where Plaintiff never properly sought documents or information regarding the hiring of Mr. Smith, including who retained him as a security provider, Plaintiff completed the depositions of Mr. Smith on November 20, 2019, and of Mr. Epps on November 26, 2019. (Raymond Decl. ¶ 13.)

After the party depositions were complete, Mr. Epps took advantage of the remaining few weeks of fact discovery by making additional requests of Plaintiff for documents that Plaintiff identified for the first time in his deposition. (Raymond Decl. Ex. E.) Plaintiff, on the other hand, did not seek any follow-up discovery from Defendants following their depositions, or request an extension of any discovery deadlines. (*Id.* ¶ 15.) Instead, Plaintiff allowed the discovery deadline to lapse. (*Id.* ¶ 16.)

Two weeks after the fact discovery deadline passed, on December 18, 2019, Plaintiff advised the Court – for the first time – during a conference before Magistrate Judge Katherine H. Parker that he planned to make a motion to add Street Execs as a new defendant. (*Id.* ¶ 17.) Plaintiff did not provide a preview of his proposed motion to amend through a pre-motion letter

or otherwise provide notice to the Court that he would seek – well-past the existing deadline – to add a new party to the case. (*Id.* ¶ 18.) Over the objections of Defendant, the Court permitted Plaintiff to file the motion to amend. *Id.*

## LEGAL STANDARD

In evaluating motions to amend a complaint to add new parties, "[c]ourts have discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Sly Magazine, LLC v. Weider Publications L.L.C.*, 241 F.R.D. 527, 532 (S.D.N.Y. 2007) (internal citation omitted). Additionally, "[a] court may deny leave to amend a complaint as futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Hernandez v. BMNY Contracting Corp.*, No. 17 CIV. 9375 (GBD), 2019 WL 418498, at *2 (S.D.N.Y. Jan. 17, 2019). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must, among other things, provide a plain statement of the claim ... [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.*

Here, Plaintiff fails to meet the applicable standard to amend his Verified Complaint at this late stage of the case.

## ARGUMENT

**I.  PERMITTING PLAINTIFF TO AMEND THE COMPLAINT AT THIS LATE STAGE WOULD BE PREJUDICIAL TO MR. EPPS AND WOULD NOT SERVE THE EFFICIENT ADMINISTRATION OF JUSTICE**

"Regarding prejudice, it is generally recognized that when a motion to amend is made 'after discovery has been completed and a motion for summary judgment has been filed, [granting] leave to amend is particularly disfavored because of the resultant prejudice to defendant.'" *O'Kane v. Keane*, No. 94-cv-6869 (CSH), 1997 WL 3271, at *9–10 (S.D.N.Y. Jan. 3, 1997), *aff'd*, 159 F.3d 1347 (2d Cir. 1998) (*quoting Alexanders Land & Cruickshank v.*

*Goldfeld*, 739 F. Supp. 158, 167 (S.D.N.Y. 1990)) (denying motion to amend to add a new defendant after fact discovery was completed and a motion for summary judgment was filed). *See also City of New York v. Grp. Health Inc.*, No. 06-cv-13122 (RJS), 2010 WL 2132246, at *6 (S.D.N.Y. May 11, 2010), *aff'd*, 649 F.3d 151 (2d Cir. 2011) (denying motion to amend, noting that "Courts are particularly skeptical of motions to amend brought in response to motions for summary judgment."); *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (denying motion to amend, noting that "permitting the proposed amendment would have been especially prejudicial given the fact that discovery had already been completed and [the defendant] had already filed a motion for summary judgment."); *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) (denying motion to amend to add new defendant even where discovery was not closed because summary judgment briefing had taken place, and "the parties have exchanged and responded to discovery requests and [plaintiff] has taken depositions of third-parties, including [defendant's] expert").

Here, Plaintiff has filed his Motion to add a new party a full year after the January 18, 2019 deadline to amend pleadings. (ECF No. 25). Even worse, Plaintiff did not file this Motion until over a month after fact discovery ended on December 5, 2019, and Plaintiff did not first request leave from the Court to file this Motion until the December 18, 2019 conference with Magistrate Judge Parker, which was two weeks after fact discovery ended. (Raymond Decl. ¶ 17.) Additionally, Plaintiff did not file this Motion until after Mr. Epps filed a motion for summary judgment to dismiss all claims against him based on the existing record. (ECF No. 54.) The addition of a new party at this very late stage would plainly prejudice Mr. Epps.[1]

---

[1] The cases cited in Plaintiff's Memorandum of Law in Support of Motion to Amend ("Moving Br.") are inapposite. (ECF No. 51.) For example, Plaintiff cites *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000), arguing that it holds that the need for additional discovery due to a motion to amend is not prejudicial. Plaintiff also cites *JPMorgan Chase Bank, N.A. v. IDW Grp., LLC*, No. 08-cv-9116 (PGG), 2009 WL

Plaintiff argues that Street Execs must be added as a party, because the Court has a substantial interest in adjudicating the entire dispute in one action. (Moving Br. (ECF No. 51) at 5.) However, the Court already is adjudicating the entire dispute in this action, and Plaintiff has provided no explanation as to why judicial economy requires adding Street Execs as a party to the case at this stage of proceedings. The closest Plaintiff comes to explaining why Street Execs is a key party is that:

> [I]t is clear that Street Execs Management has played a very significant role in this matter from potentially hiring Mr. Smith, to paying him an hourly wage to even possibly training him how to protect or giving him instruction on how to act. It is vital for Street Execs Management to be a party to this lawsuit and participate in discovery to properly find liability in this matter.

*Id*. at 7.

As an initial matter, Plaintiff's assertions here are, in fact, the exact opposite of what was stated during the depositions of Mr. Epps and Mr. Smith. Neither deponent stated that Mr. Smith is paid hourly, and Mr. Smith expressly stated that Mr. Epps' agents did *not* train him on how to protect Mr. Epps, or how to act. (Raymond Decl. Ex. D (Smith Dep. Tr.) 23:25-24:13; 27:4-8.) Plaintiff has provided no evidence to support his bald assertions in this paragraph, which form the entire basis of his request to join Street Execs as a Defendant.

However, even if the Court were to accept Plaintiff's assertions, the fact that an entity may have discoverable information is not a reason why that entity must be joined as a party to the litigation, let alone after fact discovery is complete, and after a motion for summary judgment has been filed. Plaintiff had a full year to take discovery regarding who retained or

---

1357946, at *5 (S.D.N.Y. May 12, 2009) as an example of a court finding no prejudice. However, in *A.V. by Versace*, fact discovery had not yet been completed, and the addition of new parties would not necessarily postpone the resolution of the case. And in *JP Morgan*, there were no pending dispositive motions. The case law is clear that where, as here, fact discovery has concluded and a motion for summary judgment is pending, denial of a motion to amend to add a new defendant is proper.

hired Mr. Smith, but he instead put in minimal effort to prosecute this action – serving document requests about shootings and complaints to the NYPD that were likely drafted for separate litigation. (Raymond Decl. Ex. B, at Document Request Nos. 2, 6.) Whether Plaintiff forgot or chose not to take discovery specifically regarding his claims against Mr. Epps, the effect was that neither of the Defendants had any reason to identify Street Execs in response to Plaintiff's discovery requests. Judicial economy is not served by adding a new defendant simply because Plaintiff failed to take third party discovery within the established discovery deadlines.

Plaintiff also failed to attach a proposed amended complaint to his Motion, denying Mr. Epps the ability to fully respond to Plaintiff's proposed claims against Street Execs. On this basis alone, Plaintiff's Motion should be denied. *See Am. Tissue, Inc. v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 233 F.R.D. 327, 329–30 (S.D.N.Y. 2005) (finding that the plaintiff's "failure to attach any proposed amended complaint to its motion was prejudicial to [defendant] . . . In effect, [plaintiff's] initial motion sought a ruling from the Court on a hypothetical amended complaint that neither the Court nor defendants had seen.").

Despite having constantly chosen to forgo opportunities for two years to obtain the discovery that would have clarified that Street Execs is not an appropriate party to this action, Plaintiff insisted on filing this Motion, which would only serve to re-open discovery and cause significant harm to Mr. Epps' right to have his summary judgment motion promptly decided and have Mr. Epps dismissed from this case. Accordingly, , Plaintiff's Motion must be denied with prejudice.

## II. PLAINTIFF'S CLAIMS AGAINST STREET EXECS WOULD BE FUTILE

### A. Plaintiff Cannot Demonstrate That His Claims Are Not Futile, Because Plaintiff Has Not Submitted A Proposed Amended Complaint, Or Described The Nature Of His Proposed Claims Against Street Execs

"A court may deny leave to amend a complaint as futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Hernandez v. BMNY Contracting Corp.*, No. 17 CIV. 9375 (GBD), 2019 WL 418498, at *2 (S.D.N.Y. Jan. 17, 2019). "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must, among other things, provide a plain statement of the claim ... [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* However, where a plaintiff does not submit a proposed amended complaint with its motion, or specify what claims it intends to bring against a new defendant, courts will deny the motion to amend with prejudice. *See Owens v. Textron Fin. Corp.*, No. 13-cv-5948 (VB), 2014 WL 3887181, at *5 (S.D.N.Y. July 14, 2014), *aff'd*, 590 F. App'x 83 (2d Cir. 2015) (dismissing motion to amend with prejudice, noting "Because plaintiff has not submitted a proposed second amended complaint, plaintiff has not demonstrated amendment would not be futile."); *Gibbs v. Goord*, No. 02-cv-4556 (RMB) (GWG), 2003 WL 22052313, at *8 (S.D.N.Y. Sept. 4, 2003) (dismissing motion to add defendant with prejudice as futile where plaintiff "has not submitted a proposed amended complaint").

Here, Plaintiff has failed to meet his burden to show that his proposed amendment would not be futile because Plaintiff has not submitted a proposed amended complaint, or even stated what claims he intends to bring against Street Execs. By leaving the Court and the parties in the dark, Plaintiff has made it impossible for the Court, or Mr. Epps, to evaluate the merits of any proposed claims against Street Execs. Plaintiff has additionally not complied with the directive of the Court, as Judge Parker stated at the December 18, 2019 conference that Plaintiff "should

- 9 -

provide a proposed amended pleading together with [his] motion." (Raymond Decl. Ex. F, Tr. 16:6-7.) Accordingly, the Court should deny Plaintiff's Motion with prejudice.[2]

### B. The Claims Plaintiff Most Likely Intends To Bring Would Be Futile

Even if the Court charitably assumes that Plaintiff intends to bring claims against Street Execs mirroring those against Mr. Epps—for negligent hiring/retention, and vicarious liability for the alleged torts of Mr. Smith—Plaintiff has not made any allegations or provided any evidence supporting these potential claims, each of which would require an employment relationship between Street Execs and Mr. Smith. *See Kawoya v. Pet Pantry Warehouse, Inc.*, 3 A.D.3d 368, 369 (1st Dep't 2004) ("It is well settled that under the doctrine of respondeat superior, an employer may be held vicariously liable for the tortious acts of its employee only if those acts were committed in furtherance of the employer's business and within the scope of employment."); *Yeboah v. Snapple, Inc.*, 286 A.D.2d 204, 205 (1st Dep't 2001) (on a negligent hiring claim, "[l]iability will attach on such a claim only when the *employer* knew or should have known of the *employee's* violent propensities ") (emphasis added).

To the contrary, Plaintiff alleges in the Verified Complaint that Mr. Smith is employed by Mr. Epps, and Mr. Epps and Mr. Smith both testified in their depositions and Declarations that Mr. Smith is an independent contractor for Mr. Epps, not for Street Execs. At Mr. Smith's deposition, Street Execs was not once mentioned by name. (Raymond Decl. ¶ 13) Mr. Smith also explained that no employees of Mr. Epps trained Mr. Smith on how to protect Mr. Epps, or how to act. (*Id.* Ex. D, Smith Dep. Tr. at 23:25-24:13; 27:4-8.) At Mr. Epps' deposition, not

---

[2] Notably, in the Northern District of New York, Local Rule 7(a)(4) requires that all motions to amend include proposed amended pleadings, and courts dismiss any motion to amend where a proposed pleading is not attached. *See Goston v. Potter*, No. 9:08-CV-478 FJS ATB, 2010 WL 4774238, at *5 (N.D.N.Y. Sept. 21, 2010) (dismissing motion to amend where no proposed amended complaint was submitted); *Chapdelaine v. Keller*, No. 95-CV-1126(HGM)(GLS), 1999 WL 34998130, at *1 (N.D.N.Y. Sept. 28, 1999) (same). Though the Southern District does not have the same local rule, Plaintiff's failure to provide any proposed pleading or any guidance to allow the Court to analyze the merits of Plaintiff's proposed claims should result in the denial of this Motion.

once did Mr. Epps testify that Mr. Smith worked for Street Execs as an employee or independent contractor, and Plaintiff has not identified any location in Mr. Epps' deposition transcript where he argues that this testimony was ever given. Indeed, in the Declaration of Chad B. Russell, Plaintiff's counsel quotes Mr. Epps as testifying that he himself had hired Mr. Smith as a bodyguard "hundreds of times." (Chad B. Russell Decl. (ECF No. 52) ¶ 7 (quoting Epps Dep. Tr. 22:6-22:15.)) Karol Russell, the business manager of Street Execs, further states that Street Execs does not employ, and has never employed, Mr. Smith, and that Mr. Smith has never served as an independent contractor for Street Execs. (Karol Russel Decl. ¶ 4.) Ms. Russell additionally states that Street Execs does not provide payment or tax forms to Mr. Smith, or provide Mr. Smith with health insurance. (*Id.* ¶¶ 5, 6.) Thus, the collective deposition testimony of Defendants demonstrates that Mr. Smith performed security services directly for Mr. Epps, and there is no dispute of facts which could reasonably lead to the belief that Mr. Smith works for Street Execs.

Additionally, even if Mr. Smith did work for Street Execs at the time of the Alleged Incident, Street Execs would still not be liable for any of Mr. Smith's alleged actions. As detailed in Mr. Epps' Memorandum of Law in Support of his Motion For Summary Judgment, the entity/person that Mr. Smith works for – whether that be Street Execs or Mr. Epps – cannot be held vicariously liable for Mr. Smith's alleged torts, and also cannot be found liable for either negligent hiring or retention. (ECF No. 54.) In sum, *first,* Mr. Smith acts as an independent contractor, and therefore his employer cannot be held liable for his acts. *Second*, even if Mr. Smith is an employee, because his alleged actions were not undertaken within the scope of his employment as a security guard, his employer cannot be held vicariously liable for his actions. *Third*, Street Execs cannot be held liable for negligent hiring or retention, when there is no

evidence that Mr. Smith had a propensity for violence which would have allowed Street Execs to foresee the acts alleged by Plaintiff.  As a result, any claims against Street Execs would inevitably fail even if Mr. Smith did work for Street Execs.

Further, any claim for assault or battery against Street Execs would be barred by the one-year statute of limitations in CPLR § 215(3), making such a claim futile on this basis alone.  *See Canosa v. Ziff*, No. 18-cv-4115 (PAE), 2019 WL 498865, at *13 (S.D.N.Y. Jan. 28, 2019) (dismissing claims of assault and battery brought on vicarious liability theory as barred by one-year statute of limitations).  Finally, any claim for punitive damages against Street Execs, such as the punitive damages claim brought against Mr. Smith and Mr. Epps, must be dismissed because there is no independent cause of action in New York for punitive damages.  *See Melvin v. Cty. Of Westchester*, No. 14-CV-2995 (KMK), 2016 WL 1254394, at *24 (S.D.N.Y. Mar. 29, 2016).

Accordingly, the record is clear that Street Execs does not employ Mr. Smith, and any claims against Street Execs similar to those brought against Mr. Epps would be subject to dismissal.

## **CONCLUSION**

For the foregoing reasons, this Court should deny Plaintiff's Motion and award such other and further relief as the Court deems just, proper, and equitable.

Dated:  New York, New York
       January 24, 2020

                              REED SMITH LLP
                              By:  *s/ Peter D. Raymond*
                                  Peter D. Raymond
                                  Geoffrey G. Young
                                  Jeremy A. Berman
                              599 Lexington Avenue
                              New York, New York  10022
                              (212) 521-5400
                              *Attorneys for Defendant*
                              *Tauheed Epps p/k/a 2 Chainz*