```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RICHARD J. CAPAK,
                                    Plaintiff,                    18-cv-4325 (KHP)

                -against-                                         OPINION ON MOTION FOR
                                                                  PARTIAL SUMMARY JUDGMENT
TAUHEED EPPS also known as 2
CHAINZ and RORY DORALL SMITH,

                                    Defendant.

-----------------------------------------------------------------X
```

**KATHARINE H. PARKER, United States Magistrate Judge**

This action arises out of an altercation between Plaintiff Richard Capak, a celebrity photographer and videographer, and Defendant Rory Dorall Smith, who was working as security for Former Defendant Tauheed Epps a/k/a/ 2 Chainz for his appearance at the Tonight Show Starring Jimmy Fallon. On November 29, 2017, Plaintiff commenced a state court action against Defendant for assault, battery, and negligence, and on May 15, 2018, Epps removed the action to federal court based on diversity jurisdiction with Defendant's consent. (ECF No. 3.) After the conclusion of discovery, Defendant moved for partial summary judgment on the issue of punitive damages. (ECF No. 161.) That motion is now before the Court. For the reasons stated below, Defendant's motion for partial summary judgment is GRANTED.

## BACKGROUND

1. **Facts**

Epps is a famous rapper and songwriter. Defendant served as part of Epps' security detail on various occasions. (Epps 56.1 ¶ 4.) On October 27, 2017, Epps was scheduled to

1

appear on the Tonight Show starring Jimmy Fallon, filmed at NBC's studios at Rockefeller Plaza. (Notice of Removal Ex. A, Dkt. 3-2 ("Compl.") ¶ 7.)  Defendant was part of Epps' security detail that day.  As Epps approached Rockefeller Plaza, Plaintiff began filming Epps.  (*Id.* at ¶ 8.)  While Plaintiff was filming Epps, Defendant approached and struck Plaintiff.  (*Id.* at ¶ 9.)  As a result, Plaintiff alleges he sustained physical and emotional injuries.  (*Id.* at ¶ 13.)

   2. **Procedural History**

On December 4, 2017, Plaintiff filed this action in the Supreme Court of the State of New York, asserting claims for assault, battery, and negligence against Epps and Defendant and a negligent hiring and retention claim against Epps.  (ECF No. 3.)  On May 16, 2018, the case was removed to this Court based on diversity jurisdiction.  Fact discovery closed for the first time in December 2019.  (*See* ECF No. 33, 40.)  On January 13, 2020, Epps moved for summary judgment, including on Plaintiff's punitive damages claim as to Epps (ECF No. 53), which the Honorable Ronnie Abrams granted on June 10, 2020 (ECF No. 95).

Expert discovery continued regarding Defendant.  In late 2020, Defendant's previous counsel withdrew from the case, and Defendant proceeded pro se until he retained pro bono counsel in December 2021.  On July 11, 2022, fact discovery was reopened following Plaintiff's deposition for a limited purpose.  Discovery closed again in January 2023.  (*See* ECF No. 149, 153.)  Defendant moved for summary judgment on February 9, 2023 on the punitive damages claim, arguing that Plaintiff fails to state a cognizable claim for the same reasons discussed by Judge Abrams in dismissing the claim against Epps in January 2020.

## LEGAL STANDARD

"Summary judgment is warranted if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (quoting Fed. R. Civ. P. 56(c)). A fact is "material" if "it might affect the outcome of the suit under the governing law." *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 544 (2d Cir. 2014) (quotation marks and citation omitted). Summary judgment for the defendant is appropriate where the evidence in support of the plaintiff's case is "so slight" that a jury, considering the record as a whole, cannot reasonably find for the plaintiff. *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994) (citation omitted).

## DISCUSSION

Defendant contends that Plaintiff's Fourth Cause of Action for punitive damages against Defendant be dismissed for failure to state a cognizable claim as New York law does not recognize a separate cause of action for punitive damages. (Def.'s Mot. Summ. J. 4-5.) In his opposition, Plaintiff does not refute that New York law does not recognize a separate cause of action, nor that the Fourth Cause of Action should be dismissed. Instead, Plaintiff argues that "exemplary" damages should be rewarded in connection with his other Causes of Action and states he will not be abandoning this claim as he did against Epps. Plaintiff's opposition is not relevant as Defendant only moves for summary judgment on the Fourth Cause of Action and

not on "exemplary damages".  Plaintiff does not address or oppose Defendant's argument as to the Fourth Cause of Action.

"Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way." *Xu v. City of New York*, 2020 WL 2088301, at *4 (S.D.N.Y. Apr. 30, 2020) (quoting *Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003)).  Accordingly, for the reasons stated above as to Plaintiff's opposition and the same reasons as in Judge Abrams' opinion in response to the motion for summary judgement against Epps, the Court finds Plaintiff abandoned the Fourth Cause of Action and Defendant is entitled to summary judgment on the issue of punitive damages as it pertains to the Fourth Cause of Action.

As to Defendant's contention that the portions of Plaintiff's opposition that were unresponsive to Defendant's motion and that exhibits that reference a withdrawn guilty plea should be stricken or disregard, Defendant cites a case that grants a motion to strike under Rule 12(f).  *See Martinez v. Sanders*, 2004 WL 1234041, at *9 (S.D.N.Y. June 3, 2004).  However, that rule only applies to pleadings and not opposition briefs.  Instead, the Court has not considered the irrelevant portions of Plaintiff's opposition.

**CONCLUSION**

For the reasons set forth above, the Defendant's motion for partial summary judgment as to punitive damages is granted.

DATED:	March 20, 2023
	New York, New York

_____
KATHARINE H. PARKER
United States Magistrate Judge