USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__5/16/2023__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RICHARD J. CAPAK,

                         Plaintiff,

             -against-

TAUHEED EPPS *also known as* 2
CHAINZ and RORY DORALL SMITH,

                   Defendants.

-----------------------------------------------------------------X

**18-cv-4325 (KHP)**

**OPINION ON MOTION FOR JURY
TRIAL**

**KATHARINE H. PARKER, United States Magistrate Judge**

      This action arises out of an altercation between Plaintiff Richard Capak, a celebrity

photographer and videographer, and Defendant Rory Dorall Smith, who was working as security

for Former Defendant Tauheed Epps a/k/a/ 2 Chainz.  On November 29, 2017, Plaintiff

commenced a state court action against Defendant for assault, battery, and negligence, and on

May 15, 2018, Epps removed the action to federal court based on diversity jurisdiction with

Defendant's consent.  (ECF No. 3.)  On January 3, 2022, Plaintiff requested a jury trial in this

case.  (ECF No. 124.)  That motion is now before the Court.  For the reasons stated below,

Plaintiff's demand for a jury trial is deemed untimely and waived, and Plaintiff's motion is

DENIED.

## BACKGROUND

### 1.  Facts

      Epps is a famous rapper and songwriter.  Defendant served as part of Epps' security

detail on various occasions.  (Smith 56.1 ¶ 5; Capak Resp. 56.1 ¶ 5.)  On October 27, 2017, Epps

was scheduled to appear on the Tonight Show starring Jimmy Fallon, filmed at NBC's studios at

Rockefeller Plaza.  (Notice of Removal Ex. A, Dkt. 3-2 ("Compl.") ¶ 7.)  Defendant was part of

Epps' security detail that day.  As Epps approached Rockefeller Plaza, Plaintiff began filming

Epps.  (*Id.* at ¶ 8.)  While Plaintiff was filming Epps, Plaintiff was approached and struck by

Defendant.  (*Id.* at ¶ 9.)  As a result, Plaintiff alleges he sustained physical and emotional

injuries.  (*Id.* at ¶ 13.)

### 2.  Procedural History

On December 4, 2017, Plaintiff filed this action in the Supreme Court of the State of

New York asserting claims for assault, battery, and negligence against Epps and Defendant, as

well as a negligent hiring and retention claim against Epps.  (ECF No. 3.)  No jury demand was

asserted.  On May 16, 2018, the case was removed to this Court based on diversity jurisdiction.

No jury demand was asserted by either side upon removal.  (*Id.*)  On January 4, 2019, the

parties filed a joint letter and proposed Case Management Plan that stated the case would not

be tried to a jury.  (ECF No. 24.)  The parties amended the Case Management Plans twice

thereafter, but the plan continued to state there was no jury demand and would not be tried

before a jury.  (ECF Nos. 28, 31.)  Fact discovery closed for the first time in December 2019.

(*See* ECF No. 33, 40.)

In January 2020, Epps moved for summary judgment.  (ECF No. 53.)  The day after,

Plaintiff sought to amend his complaint to add a defendant to the action (ECF Nos. 40, 61),

which was ultimately denied (ECF Nos. 92, 94).  The parties also sought and were granted

additional time to conduct expert depositions until 30 days after a ruling on the motion to

amend.  (ECF No.  40.)  The deadline to complete expert depositions was set to expire on June

19, 2020 but was later extended to October 29, 2020 due to complications associated with the COVID-19 pandemic and delays in the ability to obtain Plaintiff's medical records.  The deadline to issue requests to admit was also extended to August 28, 2020.  (ECF No. 98)

On June 10, 2020, Epps' motion for summary judgment was granted, leaving only Defendant Smith in the case.  (ECF No. 95.)  The opinion granting summary judgment to Epps included an order that the parties file a joint letter informing the Court on the status of the case by June 24, 2020, including if they consented to a bench trial.  On June 24, 2020, the parties wrote to the Court with differing positions regarding consent to a bench trial.  (ECF No. 99.) Plaintiff contended in the June 2020 letter that he did not a consent to a bench trial, that a jury trial was demanded in the original filings in state court, that there were documents filed in a New York State action that indicate a jury demand[1], and that a jury demand cannot be waived by a scheduling order.  (*Id.*)  Defendant consented to a bench trial and argued that the case should not be tried to a jury because Plaintiff waived a jury trial.  The Court did not resolve the dispute at that time.

On December 23, 2020, Defendant Smith's previous counsel moved to withdraw from the case (ECF No. 110) due to Defendant's inability to pay, which was granted on February 2, 2021 (ECF No. 113).  On October 29, 2021, the Court held a telephone conference with the parties and ordered the Plaintiff to file a letter by November 29, 2021 stating whether he wished to proceed with a jury or bench trial (which was contemplated for the first half of 2022).

---

[1] Plaintiff does not argue in his briefing on this motion that a jury was demanded in state court.In fact, no jury demand is included on the state court pleading or other documents filed with this Court as part of the removal process.  Thus, the Court assumes this statement was erroneous and that there was no jury demand made in state court, as Plaintiff appears to now concede.

(*See* ECF No. 122.)  Plaintiff did not file a letter by that deadline and did not otherwise contact the Court during that time.  On December 13, 2021, the Court sua sponte gave Plaintiff an additional week to file the letter regarding his desire for a bench or jury trial.  (*Id.*)  Plaintiff also missed that deadline.  Smith then retained pro bono counsel for purposes of representing him at trial.  (ECF No. 123.)

Then, on January 3, 2022, Plaintiff wrote a letter to the Court with an update on Plaintiff's doctors' availability for trial and included a request to proceed by jury.  (ECF No. 124.) On February 4, 2022, Defendant, now represented by counsel, objected to Plaintiff's request for a jury on the grounds that the jury demand was untimely and that Plaintiff had waived his right to a jury.  (ECF No. 128.)  The Court did not resolve the jury trial dispute at that time. Defendant's pro bono counsel asked for discovery to be reopened for the limited purpose of Plaintiff producing documents Defendant had requested during discovery but that Plaintiff failed to produce.  (ECF No. 141.)  The parties also jointly sought to reopen discovery to schedule depositions of two individuals, which was granted.  (*Id.*)  Those depositions were scheduled to be completed by December 30, 2022.  (ECF No. 149.)  The court then set deadlines for a summary judgment motion directed to Plaintiff's request for punitive damages.  (ECF No. 153.)

On February 6, 2023, the parties consented to the undersigned for purposes of trial pursuant to 28 U.S.C. § 636(c).  (ECF No. 160.)  Insofar as the issue of jury trial waiver had not been resolved, this Court invited additional briefing on the issue. (ECF No. 172.)

**LEGAL STANDARD**

The right to a jury trial is governed by federal law. *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 188 (2d Cir. 2007). Federal Rule of Civil Procedure 38 ("Rule 38") requires a jury demand to be timely served and filed. It states that a party may demand a jury trial by "serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading that is directed to the issue of service; and filing the demand in accordance with Rule 5(d)." Fed. R. Civ. P. 38(b). Rule 38 further provides that "[a] party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d).

Rule 81(c) specifies when and how a jury demand should be made in cases removed from state to federal court. Fed. R. Civ. P. 81(c). It provides that if a party has made a jury demand prior to removal, the party need not renew the demand after removal. It further provides that if state law does not require an express demand for a jury trial, a party will not be required to make one after removal unless the court orders a jury demand to be filed by a specified date. Lastly, it provides that when all necessary pleadings are filed prior to removal, the party seeking a jury trial must file a jury demand within 14 days after the removal petition has been served.

Notwithstanding the above rules, Federal Rule of Civil Procedure 39 ("Rule 39") grants the Court discretion to order a jury trial even where one was not properly demanded. Fed. R. Civ. P. 39(b).

Additionally, Rule 6(b)(1)(B) states that when an act may or must be done within a specified time, the court may, for good cause extend the time on a motion made after the time has expired if the party failed to act because of excusable neglect.  Fed. R. Civ. P. 6(b)(1)(B).

## DISCUSSION

Plaintiff concedes that he did not timely demand a jury trial in compliance with Rule 38.[2] Failure to comply with Rule 38 results in a waiver.  Fed. R. Civ. P. 38(d).

To avoid waiver under Rule 38, Plaintiff argues that Rule 81 applies and permits him to demand a jury trial at this late stage of the case, after discovery has concluded, because New York law permits a jury demand to be made at this stage.  Plaintiff's argument is not persuasive. As noted above, Rule 81 sets forth three scenarios for when a jury demand must be made in a removed case.  None of them apply here because (1) no jury demand was made in state court; (2) New York requires a jury demand (although it does not specify when such a demand must be made); and (3) issue was not joined prior to removal--that is, the answer was not filed until after the case was removed to the federal court.  Fed. R. Civ. P. 81; *Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 391-92 (2d Cir. 1983) (finding Rule 81 inapplicable because none of the scenarios laid out in the rule existed).

In the alternative, Plaintiff also asks the Court to exercise its discretion under Rule 39(b) and order a jury trial.  Defendant counters that Rule 39 does not apply here.  A party who deliberately waives a jury trial cannot later demand a jury trial pursuant to 39(b). *Zhao v. State*

---

[2] Plaintiff alleges he "served its demand for a jury trial by ECF #124." (ECF No. 131.)  That letter was addressed to Judge Abrams and filed on January 3, 2022, and Plaintiff stated, "we wish to proceed with a jury trial in this matter." (ECF No. 124.)  Plaintiff does not argue this request was timely but rather claims that Rule 81 applies or that the Court is permitted to grant the jury demand under Rule 39.  (ECF No. 131; Pl's Supp. Br. 3.)

*Univ. of New York*, 2008 WL 2949384, at *3 (E.D.N.Y. July 15, 2008) (citing *Figueroa v. Pratt Hotel Corp.*, 158 F.R.D. 306, 308 (S.D.N.Y. Nov. 28, 1994). A deliberate waiver must be knowing and intentional. *Texas v. Penguin Grp. (USA) Inc.*, 2013 WL 1759567, at *7 (S.D.N.Y. Apr. 24, 2013) (emphasis added). Oral and written consent to a non-jury trial may constitute a waiver of a jury trial when the plaintiff "clearly sought to waive his jury demand." *Kahn v. Gen. Motors Corp.*, 865 F. Supp. 210, 213 (S.D.N.Y. 1994); *see also Cheng v. Via Quadronno LLC*, 2022 WL 17069800, at *8 (S.D.N.Y. Nov. 17, 2022) (finding jury waiver because parties filed letter with the court advising it that the case was not to be tried to a jury and no jury demand was included in the parties' pleadings).

Plaintiff argues that stipulated case management plans and scheduling orders submitted by the parties in which he agreed that this case was not to be tried before a jury do not constitute a waiver of his jury right because they are not binding documents and subject to modification. In support of this argument he relies on *Town & Country Linen Corp. v. Ingenious Designs LLC, a* case that characterizes case management plans as "provisional" and insufficient to waive a right to jury. *See Town & Country Linen Corp. v. Ingenious Designs LLC*, 2022 WL 1515120, at *4 (S.D.N.Y. May 13, 2022). However, *Town & Country Linen Corp.* is distinguishable. In that case, the parties had entered into a contract that contained a waiver of a jury trial for disputes arising out of the contract. The plaintiff argued that the defendants waived the contractual jury trial waiver by submitting a case management plan indicating the case would be tried by a jury and only seeking to enforce the contractual waiver at a late stage in the case. The court found that the jury demand did not constitute a waiver of the underlying contractual waiver. Among other reasons, the parties to the contract were not signatories to

the case management plan. *Id*. The court's use of the word "provisional" to describe the plan was to emphasize that because it could be amended for good cause, it could not be the basis of a waiver of a pre-existing contractual agreement waiving a jury trial that contained specific methods for amendment. Plaintiff also relies on *Huang v. Shanghai City Corp.* where a case management plan was deemed insufficient to waive the right to a jury trial where it stated the case would not be tried to a jury. 2022 WL 2306870, at *5 (S.D.N.Y. June 27, 2022). That case too is distinguishable. There, another defendant subsequently appeared in the case (that is, after the submission of the case management plan by the other parties) and demanded a jury trial in its answer within the Rule 38 deadline. Thus, the case management plan submitted by the other parties did not act as a waiver of the new party's right to demand a jury trial.

In this case, the parties entered into the stipulated case management plan and scheduling order stating that the case would not be tried before a jury. They then amended the plan without changing their position that the case would not be tried before a jury. The Court adopted the plan originally and issued amended orders based on the amended plans that extended discovery. (ECF Nos. 25, 28.) In this situation, courts have found that a statement in the joint pretrial order that the case was not to be tried before a jury constituted a waiver. *Figueroa*, 158 F.R.D. at 308 (S.D.N.Y. Nov. 28, 1994) (in personal injury case removed from New York state court, pretrial order stating the case would not be tried to a jury was an effective waiver). In addition to failing to timely request a jury trial pursuant to Rule 38 and stating in the joint case management plan that the case would not be tried before a jury, the parties largely completed discovery pursuant to that plan. When the parties expressed conflicting views about whether there had been a waiver of a jury trial, the Court set a deadline for Plaintiff to demand

8

a jury trial, but Plaintiff failed to submit a jury demand within the deadline set by the Court.

While it is true that Plaintiff stated that he wished to have a jury trial in a June 2020 letter to

the Court, he thereafter return to his earlier position in the case management plan that the

case was not to be tried to a jury when he failed to meet the Court's deadlines at the end of

2021 to demand a jury trial.  Thus, Plaintiff's conduct in late 2021 coupled with his failure to

timely demand a jury trial in compliance with Rule 38 and written submissions to the Court in

three stipulated case management plans and scheduling orders constituted a waiver of a jury

trial.

Even if there were no waiver, Plaintiff's request for an untimely jury demand would not

be proper under Rule 39(b).  Courts in this district provide some leniency in cases removed

from New York state court where counsel "inadvertently" fails to file a jury demand because

counsel believed a jury demand could be filed at any stage of the proceeding, as is the practice

in New York state courts.  *Cascone*, 702 F.2d at 390.  However, mere inadvertence alone is an

inadequate basis for allowing an untimely filing of a jury demand.  *Id.*  Instead, the moving party

must provide a reason "beyond mere inadvertence" to justify relief under Rule 39(b).  *Noonan*

*v. Cunard S. S. Co.*, 375 F.2d 69, 70 (2d Cir. 1967).  When evaluating whether to order a jury trial

under Rule 39(b) where one was not properly demanded, courts in the Second Circuit consider

four factors including whether (1) the state court has broad discretion to grant jury demands,

(2) the action is traditionally tried by juries, (3) the parties proceeded assuming there would be

a jury trial, and (4) granting the demand would unfairly prejudice the non-moving party.  *Zhao*

*v. State Univ. of New York*, 2008 WL 2949384, at *2 (E.D.N.Y. July 15, 2008) (citing *Higgins v.*

*Boeing Co.*, 526 F.2d 1004, 1007 (2d. Cir. 1975)).

Under the factors considered in *Higgins*, the first two factors weigh in favor of Plaintiff because the state court has broad discretion to grant jury demands and the action is traditionally tried by juries.  However, the third factor weighs in favor of Defendant.  The parties proceeded through discovery with the express understanding, as set forth in filings with the court, that there would a bench trial.  It was only after Plaintiff was denied permission to add a defendant and his claim against Epps was dismissed on summary judgment that Plaintiff first expressed his desire for a jury trial – and then only because the Court solicited the parties' position on the issue.  Defendant, however, expressed his position that Plaintiff had waived his right to a jury trial.  Later, when the Court began planning for trial, it gave Plaintiff a new deadline to request a jury trial.  Plaintiff missed that deadline.  The Court sua sponte extended Plaintiff's deadline to demand a jury trial and Plaintiff also missed that deadline.  Then, only after Defendant obtained pro bono counsel for what it believed would be a bench trial (given the missed deadlines for demanding a jury trial), did Plaintiff belatedly request a jury trial. Defendant also argues persuasively that he would be prejudiced by Plaintiff's change in trial strategy because discovery was not conducted with an end view that this case would be tried by a jury and his pro bono counsel when requesting reopening of discovery for limited purposes did so under the assumption that there would be a bench trial. *See Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997) ("Prejudice may be found, for example, when the amendment is sought after discovery has been closed") (internal citation and quotation omitted); *see also Cheng*, 2022 WL 17069800, at *9 (finding reversing a jury waiver without justification would prejudice defendants who were entitled to assume the case would be a bench trial where there was not a timely request for jury trial).

Plaintiff argues he has demonstrated good cause for failing to meet the Court's deadlines for demanding a jury trial – that he was waiting to hear about his doctors' availability for trial, which was ordered to be included in the same letter as the jury trial demand. This excuse is unavailing. Plaintiff could have written the Court to demand a jury trial and requested an extension of time to advise on the doctors' availability but did not do so. And, even when Plaintiff submitted his letter setting forth his doctors' availability together with the belated request for a jury trial, he provided no reason for the delay. It is only now, when pressed by the Court for a reason for the delay that Plaintiff has stated he was waiting to hear from the doctors. In short, Plaintiff has not demonstrated any good reason for failing to timely request a jury trial and comply with the Court's deadlines or seek an extension of them. *See Chen v. Hunan Manor Enter.*, 340 F.R.D. 85, 91 (S.D.N.Y. Jan. 27, 2022) (declining to exercise discretion under Rule 39(b) to grant late request for a jury where moving party did not demonstrate anything beyond mere inadvertence to excuse delay). Thus, relief from Plaintiff's waiver of a jury trial under Rule 39(b) is not appropriate.

Further, granting Plaintiff leave to file a late jury demand under Rule 6(b)(1)(B) is not proper because Plaintiff similarly did not demonstrate good cause or show that his delay was a result of excusable neglect as required under Rule 6.

**CONCLUSION**

For the reasons set forth above, the Plaintiff's motion for a trial by jury is denied.

DATED:      May 16, 2023
            New York, New York

_Katharine H Parker_
_____
KATHARINE H. PARKER
United States Magistrate Judge