UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RICHARD J. CAPAK,

                  Plaintiff,                18-cv-4325 (KHP)

      -against-                     **ORDER**

RORY DORALL SMITH,

                  Defendant.

-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

      A bench trial in this case is scheduled for **September 12, 2023 at 10:00 a.m.** in Courtroom 17-D, United States Courthouse, 500 Pearl Street, New York, New York.

      A pre-trial conference is scheduled for **August 24, 2023 at 4:00 p.m.** in Courtroom 17-D. The Court will address the parties' motions *in limine* (if any) at that time.

      Any motions *in limine*, if any, shall be filed by **July 21, 2023**. Opposition briefs shall be filed by **August 4, 2023**. Reply briefs due **August 18, 2023**.

      The parties shall file a joint pretrial order by **August 18, 2023**. In accordance with Judge Parker's Individual Practices, the proposed pretrial order shall include:

1. The full caption of the action;
2. the name, address, telephone number and email of the attorneys who will be participating in the trial for Plaintiff and Defendant;
3. a brief statement identifying the basis for subject matter jurisdiction, and, if that jurisdiction is disputed, the reasons therefor;

4. a list of each claim and defense that will be tried and a list of any claims and defenses asserted in the pleadings that are not to be tried;

5. a statement setting forth the specific damages and other relief that Plaintiff seeks;

6. a list by each party of its trial witnesses that it, in good faith, expects to present, and the general subject area of the witness's testimony and the order and anticipated length of the witness's direct testimony;

7. a list by each party of exhibits that it, in good faith, presently expects to offer in its case in chief, together with any specific objections by the opposing party thereto (Plaintiff's exhibits should be listed by <u>number</u> and Defendants' exhibits should be listed by <u>letter</u>.);

8. all stipulations or statements of fact or law on which the parties have agreed;

9. a proposed schedule by which the parties will exchange demonstratives that the parties intend to use at trial, notify each other of any objections thereto, consult with each other regarding those objections and notify the Court of any remaining disputes such that they can be addressed at the August 24, 2023 conference;

10. the necessity of translator(s) and whether the parties have arranged for the same (if applicable);

11. any courtroom technology needed; and

12. all other matters the parties believe are important to the efficient conduct of the trial.

By **August 24, 2023**, the parties shall deliver copies of their respective exhibits to the Court in a binder for the Court's use at trial.  Copies of these exhibits also shall be emailed to Judge Parker at Parker_NYSD_Chambers@nysd.uscourts.gov.

**Conduct of Trial.**

1. On the first day of trial, counsel must arrive at 9:45 a.m. to Courtroom 17D.  The parties are expected to have witnesses available to fill the trial day and should accommodate each other's witness schedules in the event a witness needs to be taken out of turn.  Counsel are expected to be diligent in inquiring as to the availability of all witnesses.

2. Opening statements must be devoid of argument or discussions of the law.  Their main purpose is to outline the proof to be presented.  Each party's opening statement is limited to **10** minutes.  The requirement of contemporaneous objection applies to opening statements.  The parties may elect to waive opening statements.

3. Speaking objections during trial are prohibited.  Counsel shall say the word "objection" followed by a word or brief phrase to indicate the nature of the objection (for example, "objection, hearsay").

4. Depositions offered in lieu of live testimony will not be read aloud.

5. If a witness needs an interpreter, the party calling such witness must arrange for the presence of a certified simultaneous interpreter.  Similarly, a party needing an interpreter must arrange for the presence of such an interpreter.

6. Defendants' counsel will give closing arguments first, followed by Plaintiff's counsel.  No rebuttal is allowed unless Plaintiff's counsel makes an argument that Defendants' counsel could not reasonably have anticipated.  The requirement of contemporaneous objection applies to closing statements.

7. Counsel should make sure that they have custody of all their original exhibits during the trial and maintain custody of the exhibits after conclusion of the trial.  *See* Local Civil Rule 39.1(a).

8. **By September 18, Plaintiff shall file a post-trial brief setting forth his respective position on what the evidence at trial showed and all legal arguments on the issues tried based on the evidence at trial and a proposed form of judgment.  By**

> **September 22, Defendants shall respond to Plaintiff's brief and proposed form of judgment. No reply.**

9. Post-verdict motions must be made within the time permitted by the applicable rules.

**SO ORDERED.**

DATED:   New York, New York
         May 26, 2023

                                                                                          _____
                                                                                          KATHARINE H. PARKER
                                                                                          United States Magistrate Judge