USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/24/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RICHARD J. CAPAK,

         Plaintiff,      18-cv-4325 (KHP)

   -against-          **ORDER**

RORY DORALL SMITH,

         Defendant.

-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

  This action arises out of an altercation between Plaintiff Richard Capak, a celebrity photographer and videographer, and Defendant Rory Dorall Smith, who was working as security for Former Defendant Tauheed Epps a/k/a/ 2 Chainz. On November 29, 2017, Plaintiff commenced a state court action against Defendant and Epps for assault, battery, and negligence, and on May 15, 2018, Epps removed the action to federal court based on diversity jurisdiction with Defendant's consent. (ECF No. 3.) A bench trial in this case is scheduled to commence on Tuesday, September 12, 2023.

  Presently before the Court is a motion *in limine* submitted by Defendant at ECF No. 185. Defendant's motion seeks (i) to limit the testimony of Plaintiff's treating physician, and (ii) prevent Plaintiff from admitting evidence related to Defendant's vacated guilty plea under Federal Rule of Evidence 410(a).

I. **Legal Standards**

   a. **Applicable Law**

In cases removed to federal court based on diversity of citizenship, questions of procedural law are governed by federal law and questions of substantive law are governed by the law of the applicable state. *Hernandez v. Money Source Inc.*, 2022 WL 2702894, at *5 (E.D.N.Y. July 12, 2022) (citations omitted). The Rules of Evidence are procedural, and the federal rules of evidence thus apply to civil cases that are removed to the federal court. *Id.* (citing Fed. R. Evid. 1101).

   b. **Standards for Motions *In Limine***

A trial court's "inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008) (citation omitted). An *in limine* motion is intended "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (quotation marks and citation omitted). "Because a ruling on a motion *in limine* is subject to change as the case unfolds, this ruling constitutes a preliminary determination in preparation for trial." *Ridge v. Davis*, 2022 WL 16737299, at *1 (S.D.N.Y. Nov. 7, 2022) (quotation and citation omitted).

   c. **Standards for Admission of Evidence**

"The Federal Rules of Evidence favor the admission of all relevant evidence." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 643 F. Supp. 2d 446, 452 (S.D.N.Y. 2009) (citing Fed. R. Evid. 402). "Evidence is relevant if: (a) it has any tendency to make a fact more or less

2

probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.  However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.  "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

## II. Discussion

### a. Treating Physician Testimony

Defendant seeks to limit the testimony of Plaintiff's treating physicians, Dr. Ranga Krishna and Dr. Charles Kaplan, to that of a fact witness and preclude any testimony regarding causation.  Defendant also argues that the treating physicians should not be permitted to testify as to causation because Plaintiff was treated or suffered from some of the alleged injuries before the encounter.  Plaintiff does not dispute that his treating physicians would be unable to testify as expert witnesses because he did not file disclosures pursuant to Fed. R. Civ. P. 26(a)(2)(B) and (C).  However, Plaintiff argues that under *Rodriguez v. Village of Portchester*, his treating physicians would be entitled to testify as to facts acquired and opinions formed during examination of the Plaintiff, including causation.  535 F.Supp.3d 202 (S.D.N.Y. 2021).  Further, Plaintiff has disclosed that only Dr. Kaplan will be testifying for the Plaintiff.  (ECF No. 196.)

Under the Federal Rules of Evidence only expert witnesses may provide expert medical opinions.  Fed. R. Evid. 701(c).  If a witness is not testifying as an expert, then opinion testimony is limited to one that is "not based on scientific, technical, or other specialized knowledge

within the scope of Rule 702." *Id.*; *see also N.K. by Bruestle-Kumra v. Abbott Lab'ys*, 731 F. App'x 24, 26 (2d Cir. 2018). When a doctor's opinion is not offered as an expert but "offered in [the doctor's] capacity as [a patient's] treating physician, it [i]s properly limited to his personal knowledge developed during the course of his treatment of [the patient]." *In re Fosamax Prods. Liab. Litig.*, 509 F. App'x 69, 74 (2d Cir. 2013) (citing Fed. R. Evid. 602). A treating physician is not permitted to introduce information that another physician provided or opine on information provided by another doctor. *Salazar v. United States*, 2019 WL 948865, at *3 (S.D.N.Y. Feb. 11, 2019) (quoting *Stern v. Shammas*, 2015 WL 4530473, at *7 (E.D.N.Y. July 27, 2015)).

As there is no dispute that Plaintiff did not file expert disclosures, Plaintiff's treating physician will be limited to testifying as a fact witness. Therefore, Dr. Kaplan must limit his testimony to what is based on his personal knowledge developed during his treatment of Plaintiff. *See In re Fosamax Prods. Liab. Litig.*, 509 F. App'x 69, 74 (2d Cir. 2013) (finding a treating physician's opinion was properly excluded where the treating physician testified that he did not know the patient's treatment history with Fosamax but that it was part of a different treating physician's treatment).

Treating physicians that are not testifying as experts are not categorically barred from testifying regarding causation, but the key factor in determining whether testimony is expert or lay is whether or not the testimony is "derived from the physician's specialized expertise." *Kaganovich v. McDonough*, 547 F. Supp. 3d 248, 276 (E.D.N.Y. 2021) (citing *N.K. by Burestle-Kumra*, 731 F. App'x at 26). Particularly when testifying on causation, the testimony should be limited to instances where a jury may infer causation due to an obvious connection between

the trauma alleged and the injury. See Kaganovich, 547 F. Supp. 3d at 276; *see also Fane v. Zimmer, Inc.*, 927 F.2d 124, 131 (2d Cir. 1991) (finding expert medical opinion is required when what is presumed is not within common knowledge and experience). For example, the fact that someone broke his leg from being struck by an automobile is a widely understood causal connection that would be obvious to a layman, whereas a conclusion that exposure to chemicals caused worsening headaches requires expert testimony. *Tufariello v. Long Island R. Co.*, 458 F.3d 80, 89 (2d Cir. 2006) (also finding testimony establishing a causal link between hearing loss and repeated exposure to loud noises that cause physical pain or ear-ringing was appropriate from a lay witness physician as it is "not the subject of scientific dispute"). Further, expert testimony is required where an injury may have "multiple potential etiologies" as distinguishing between multiple potential causes is beyond the knowledge of a lay juror. *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 46 (2d Cir. 2004). Therefore, Dr. Kaplan is permitted to testify about causation, but only where a jury would be able to infer causation due to an obvious connection between the trauma and the injury.

Plaintiff primarily relies on *Rodriguez* to argue that Plaintiff's treating physicians are entitled to testify on anything within the scope of Plaintiff's treatment, including causation. 535 F. Supp. 3d at 214-16. However, the treating physician in *Rodriguez* qualified as an expert though some of his disclosures were found to be inadequate and did not state that non-expert treating physicians may always testify as to causation though it did generally say that lay witnesses may testify as to causation. *Rodriguez*, 535 F. Supp. 3d at 216. Further, the court in *Rodriguez* acknowledged that the issue of causation should be apparent from the medical records and distinguished *In re World Trade Center Lower Manhattan Disaster Site Litigation*,

where complex issues of toxicology, epidemiology, and occupational medicine necessitated the treating physician's reliance on materials outside of the medical records and required expert testimony. *Id.* at 215. (citing *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 2014 WL 57557713, at *4 (S.D.N.Y. Nov. 5, 2014)).  In *in re World Trade Center Lower Manhattan Disaster Site Litigation*, the court said that while causation in some cases may be within the ken of an ordinary jury, making expert disclosure unnecessary for a treating physician to opine on causation, that case involved complex issues of causation where expert designation was required.  2014 WL 57557713, at *4.  Therefore, Rodriguez does not stand for the proposition that a treating physician testifying as a lay witness is permitted to testify about causation as long as the physician's opinion was formed during consultation as the Plaintiff implies.

Plaintiff argues that his injuries are not complex and that the physical injuries are ones that can naturally occur from a punch in the face and fall to the ground, including tears in the rotator cuff in the left shoulder, herniated discs in the cervical spine, and physical injuries in the head.  However, the connection between some of Plaintiff's injuries and the conduct at issue and manner in which the injuries were sustained is not obvious.  For example, injuries such as a loss of height at certain spine levels, disc protrusion, or carpal tunnel syndrome require expert testimony on causation.  In contrast, a concussion, bruising, and broken nose after being punched in the face and falling are injuries for which a jury could infer causation and are therefore appropriate for a lay physician's testimony.

Defendant argues that Plaintiff has been suffering from or treated for some of the alleged injuries from before the incident and that therefore, any opinions derived from Dr. Kaplan's treatment of Plaintiff regarding causation are ill-informed and unreliable.  The fact that

Dr. Kaplan did not have all of Plaintiff's medical history does not necessarily bar him from testifying about the cause of an injury where an inference between an injury and the cause is obvious and can be inferred by a jury.  Here, Plaintiff claimed in the days following the incident, he had sharp pain in the back of his head, a strain in the neck, sharp pain in his left and right shoulder, and had difficulty with any overhead repetitive physical activities.  (ECF No. 195-2.) However, Defendant referenced hospital records where Plaintiff complained about shoulder and neck pain and where previous doctors examined his cervical spine.  (*Id.*)  Differentiating between whether certain injuries were pre-existing or the extent to which it was pre-existing is not an inference that a jury may make because of an obvious connection between the trauma alleged and the injury.  *See Kaganovich*, 547 F. Supp. 3d at 277 (finding only an expert could opine on whether plaintiff's diabetes and related complications caused worsening symptoms or the VA's alleged failure to accommodate or treat the plaintiff).  Therefore, only an expert may opine on whether Defendant's actions caused the shoulder and neck pain and injuries to his cervical spine.  *See Jimenez v. Supermarket Serv. Corp.*, 2002 WL 662135, at *4 (S.D.N.Y. Apr. 22, 2002).

Accordingly, Dr. Kaplan is permitted to testify about causation, but only as to those injuries where the facts of the incident allow the factfinder to infer causation.  Specifically of the injuries that Plaintiff claim (ECF No. 197), Dr. Kaplan may testify to the causation of trauma to the head, hematoma and abrasion to the scalp, laceration to the scalp and/or back of the head, loss of consciousness on the date of the assault, and deformity and deviation of the nasal septum to the left.

### b. Defendant's Guilty Plea

Defendant also objects under Federal Rule of Evidence 410(a) to Plaintiff's admitting evidence related to Defendant's vacated guilty plea to a charge of harassment in the second degree. Defendant pled guilty to the second-degree harassment charge on the condition that if Defendant was not arrested for two years and abided by an order of protection, the plea would be vacated and replaced with a third-degree attempted assault plea. Plaintiff argues that evidence of Defendant's guilty plea for attempted third degree assault, which replaced the withdrawn plea, is admissible. As Plaintiff does not dispute that evidence of Defendant's vacated guilty plea for harassment in the second degree is inadmissible as a withdrawn plea, the Court will not allow admission of that plea and will address the admissibility of the guilty plea for attempted third degree assault only below.

"The Federal Rules of Evidence favor the admission of all relevant evidence." *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 643 F. Supp. 2d 446, 452 (S.D.N.Y. 2009) (citing Fed. R. Evid. 402). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

Hearsay is an out-of-court statement offered for the truth of the matter asserted. Fed. R. Evid. 801(c). Hearsay is inadmissible unless otherwise allowed under statute, the Federal Rules, or as otherwise prescribed by the Supreme Court. Fed. R. Evid. 802. A statement offered

against an opposing party that was made by the party in an individual or representative capacity is not hearsay.  Fed. R. Evid. 801(d)(2)(A).  "[T]he rule against hearsay is fundamentally designed to ensure that only reliable evidence goes in front of the jury; the exceptions to the rule permit the introduction of evidence the reliability of which can be assured through some other means."  *Djangmah v. Falcione*, 2013 WL 6388364, at *5 (S.D.N.Y. Dec. 5, 2013).  There are numerous exclusions to the general prohibition on hearsay.  *See* Fed. R. Evid. 803.  Rule 803(22) excludes a judgment of a prior conviction, including a guilty plea, from the definition of hearsay when the conviction was for a crime punishable by more than a year imprisonment, the evidence is admitted to prove any fact essential to the judgment, and the judgment was against the defendant.  However, the Advisory Committee notes that 803(22) applies only to felony convictions because "motivation to defend [minor offenses] is often minimal or nonexistent. Fed. R. Evid. 803 Advisory Comm. Note.

Here, the guilty plea is admissible as a statement of Defendant that will be used against the Defendant under Rule 801(d)(2)(A).  *Choma v. Tucker*, 443 F. Supp. 3d 545, 549 (D. Vt. 2020).  The Court finds the guilty plea is highly probative as it dealt with the conduct at issue in this case and is properly admitted under Rule 801(d)(2)(A).  *See id.* (citing *United States v. Overton*, 2017 WL 6347084, at *2 (W.D.N.Y. Dec. 13, 2017); *United States v. Frederick*, 702 F. Supp. 2d 32, 37 (E.D.N.Y. 2009)).

Accordingly, evidence of Defendant's guilty plea for attempted third degree assault is admissible but evidence of Defendant's vacated guilty plea is inadmissible.

**As this resolves the motions at ECF No. 185, the Clerk of the Court is respectfully requested to close the motion at ECF No. 185.**

**SO ORDERED.**

DATED: New York, New York
August 24, 2023

_____
KATHARINE H. PARKER
United States Magistrate Judge